■ 500 WEST 142 STREET, INC., Respondent, v. " JOHN " REYES, Appellant. (And Five Other Actions.) — Determination of the Appellate Term unanimously reversed on the law and on the facts, and the final orders of the Municipal Court in favor of the tenants in each of the six above-entitled actions are reinstated, with one bill of costs to the tenants-appellants in this court and in the Appellate Term. The summary proceedings here, brought without the prior obtaining of a certificate of eviction, were maintainable only if these are cases coming within the provisions of section 5 (subd. 1, par. [c]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and within the corresponding section of the State Rent and Eviction Regulations of the State Rent Administrator, and, to wit, subdivision 3 of section 52. Said sections authorize a landlord to proceed to remove a tenant from housing accommodations without first obtaining a certificate of eviction where the " occupancy of the housing accommodations by the tenant is illegal because of the requirements of law, and the landlord is subject to civil or criminal penalties therefor, or both ". The violation placed against the subject premises, a five-story apartment building, by the Department of Buildings of the City of New York, was as follows: " The four beams under the bathroom of all floors are rotted and defective. Remedy: You are hereby directed to forthwith replace the rotted and defective floor beams." It is clear that the particular violation placed here against the premises was not such as to make it a case where the " occupancy * * * by the tenant is illegal because of the requirements of law ". The Department of Buildings has not issued a vacate order, and it appears that the premises are not unsafe to the extent requiring such an order. Under the circumstances, the " occupancy " of the tenants and continuation thereof prior to and pending needed repairs is not " illegal ". Thus, by virtue of the provisions of the statute

and of the State Rent and Eviction Regulations, summary proceedings were not maintainable by the landlord without first procuring a certificate of eviction. In fact, such holding is in accordance with earlier decisions of the Appellate Term. For instance, in *Garber* v. *Egger* (132 N. Y. S. 2d 371) the Appellate Term said: "The issuance of an unsafe building order does not make unlawful occupancies thereafter illegal. Since the tenancies were neither unlawful nor illegal the landlord could not maintain the proceedings except * * * by procuring certificates of eviction". (See, also, *Harnor Realty Co.* v. *Mondarelli*, 5 Misc 2d 618.) Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.